IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOANNA STEIMLE and<br>BRANDY N. GREENWOOD,<br><br>Plaintiffs,<br><br>v.<br><br>COMPASS ONE, LLC, USA Division, d/b/a<br>Compass Group,<br><br>Defendant. | Civil No. 3:06-0549<br>Judge Trauger |

## MEMORANDUM and ORDER

The plaintiffs have filed a Motion to Remand (Docket No. 8), to which no timely response has been filed by the defendant. Local rules provide that failure to timely respond to a motion constitutes an admission that the motion is not disputed. At any rate, the court will rule on this motion on its merits.

The defendant removed this case from the Chancery Court for Davidson County, Tennessee based upon this court's diversity jurisdiction. The plaintiffs do not dispute the allegation that they and the defendant are citizens of different states. However, the plaintiffs do dispute that the defendant has established that the amount in controversy exceeds $75,000. The Complaint contains no monetary *ad damnum* (Docket No. 1, Ex. 1).

Removal statutes are to be construed "strictly, narrowly and against removal." *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.,* 5 F.3d 963, 968 (6th Cir. 1993); *accord, Coyne v. American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999). The burden of proving the court's diversity jurisdiction is on the defendant who removes the case to federal court from state court.

1

*Rogers v. Wal-Mart Stores, Inc.,* 230 F.3d 868, 871 (6th Cir. 2000) (internal citations omitted). The defendant must prove that, at the time of removal, the plaintiff's claims "more likely than not" met the amount in controversy requirement. *Id.* (internal citation omitted).

The Complaint seeks an unspecified amount of monetary damages for employment discrimination, sexual harassment and retaliation. Neither the allegations of the Complaint nor the unsupported assertion by the defendant that "this action meets the amount in controversy requirement" (Docket No. 1 at 2) convinces this court that the defendant has carried its burden to prove that the plaintiffs' claims more likely than not exceed $75,000.

For the reasons expressed herein, the Motion to Remand is well taken and is hereby **GRANTED**. This case is **REMANDED** to the Chancery Court for Davidson County, Tennessee for further proceedings.

The plaintiffs' request for fees and costs in connection with the Motion to Remand is **DENIED**.

It is so **ORDERED.**

ENTER this 19th day of June 2006.

_____
ALETA A. TRAUGER
U.S. District Judge

2

Case 3:06-cv-00549   Document 13   Filed 06/19/06   Page 2 of 2 PageID #: 48